**Sven Pete TIITSMAN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 3, 1974.

Terrence R. Fitzgerald, Deputy Public Defender, Vic Baltzell, Legal Intern, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Thomas R. Emerson, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Chief Justice.

This is an appeal from an order overruling appellant's motion to vacate judgment pursuant to RCr 11.42. The appellant was convicted of the offense of grand larceny and sentenced to confinement for a period of five years. No question is raised as to the validity of that judgment of conviction.

Appellant moved the court for probation and his motion was sustained. Subsequently appellant became an accessory after the fact in the theft of an automobile and when charged with this offense, entered a plea of guilty.

A motion was made by the Commonwealth to revoke the probation previously granted. On a hearing of that motion appellant contended that he was unaware, at the time of arrest as an accessory, that his motion for probation on the prior charge had been sustained; that he had not been advised of the conditions of the probation and not knowing of those conditions he could not be held accountable for a violation of them. The probation was revoked and he filed his motion to vacate judgment pursuant to RCr 11.42. This motion was overruled without evidentiary hearing and this appeal resulted.

■■ We find the motion to vacate the judgment revoking the probation to be entirely without merit. Assuming that appellant may not have had knowledge of the probation of his sentence, or the conditions thereof, we cannot accede to appellant's view that his subsequent commission of crime must be ignored by the court as a factor in a revocation hearing. Every person on probation or who has a motion for probation pending must be charged with knowledge that subsequent criminal behavior may have some bearing upon his probation or his motion for probation. In appellant's case his knowledge of whether his motion for probation had been sustained or was still pending was immaterial for in either event the court had every right to consider his subsequent criminal behavior in determining on the one hand whether to grant the probation or on the other whether to revoke it if it had already been granted.

The judgment is affirmed.

All concur.