Rocky Allen Howard WELLS, Appellant,

v.

David WEBB, Jailer, Appellee.

Court of Appeals of Kentucky.

June 28, 1974.

John M. Rosenberg, Dean Hill Rivkin, Prestonsburg, for appellant.

Eugene Rice, Paintsville, for appellee.

CULLEN, Commissioner.

Rocky Allen Howard Wells appeals from a judgment of the Johnson Circuit Court which denied Wells' petition for release, by way of habeas corpus, from his confinement in the county jail pursuant to a probation-violation warrant. The judgment not only denied the requested release from jail but it further revoked Wells' probation and directed that he be delivered to the penitentiary for service of the sentences that had been probated.

Wells was convicted in the Johnson Circuit Court, in 1971, on three felony charges, and penalties were fixed totalling four years of confinement in the penitentiary, but the sentences were probated. In 1973 Wells was arrested on a probation-violation warrant issued by the judge of the Johnson Circuit Court, and on two warrants issued by the Johnson County Court, charging felony offenses committed in 1973. Wells was placed in jail, and held there for some 40 days without any kind of a hearing, either on the probation-violation charge or on the felony charges. He then instituted habeas corpus proceedings in the Johnson Circuit Court. His sole claim in those proceedings was that he had been denied due process by being held in jail without being given a preliminary hearing *on the probation-revocation charge*, and the relief he sought was that he be released from jail, and restored to probation status, by reason of the claimed denial of due process.

■ At the hearing on the return of the habeas corpus writ, the circuit judge's response to the argument by Wells' counsel that Wells had been held in jail for a substantial time without a hearing was: "Well he's now getting his hearing—go ahead." The judge then proceeded to hear testimony addressed to the grounds asserted

for revocation of Wells' probation, following which, as hereinbefore noted, judgment was entered denying habeas corpus relief and revoking the probation.

It is clear, we think, that there was a denial of the hearing rights to which Wells was entitled under Gagnon v. Scarpelli, 411 U.S. 778. He was given no *preliminary* hearing to determine probable cause for holding him in custody pending a final revocation hearing. And the hearing held on the habeas corpus proceeding did not meet the standards prescribed by *Scarpelli* for a *final* hearing because Wells was not given notice of the claimed violations of his probation. There was no disclosure of evidence against him, and he was not told in advance that the hearing would be on the issue of probation violation, wherefore he was given no opportunity to be prepared or to obtain evidence.

■■ It does not follow, however, that Wells is entitled to an unqualified release from custody and restoration to probation status, simply because of the denial of his hearing rights. In *Scarpelli* the complainant had been confined in the penitentiary for *three years,* under the order revoking his probation, before he sought release on habeas corpus, but he was not given a full release by way of recompense for the violation of his rights. The Supreme Court directed that, on remand, the District Court "allow the State an opportunity to conduct" a proper revocation hearing. That direction appears to recognize as proper the previous direction of the Court of Appeals, in 7 Cir., 454 F.2d 416, that the cause be "remanded to the District Court with directions to order release from confinement and reinstatement of probation unless, within a short but reasonable interval, to be fixed by the District Court, a new revocation is ordered, after a hearing consistent with this opinion."

It is our opinion that Wells is entitled to no greater relief than that awarded to Scarpelli. This means that Wells is entitled to release on reinstated probation only

if the circuit court does not conduct a due-process revocation hearing and issue a new revocation order based thereon. A single hearing conforming to the *Scarpelli* requirements for a *final* hearing will be sufficient; there is no occasion for holding a preliminary hearing because the purpose of such a hearing is to determine probable cause for holding the probationer in custody pending the final hearing, and in the instant case the requirement that is being imposed for a prompt final hearing will eliminate any substantial problem as to custody pending that hearing.

The judgment is reversed with directions that judgment be entered releasing Wells from confinement in so far as the confinement is attributable to the probation-revocation warrant or order, unless the circuit court, within a short but reasonable interval, orders a new revocation of probation, after a hearing consistent with this opinion.

All concur.