**John A. RASDON, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 3, 1986.

Frank E. Haddad, Jr., Len W. Ogden, Jr., Louisville, for appellant.

J. Bruce Miller, Jefferson County Atty., B. Frank Radmacher, III, Asst. County Atty., Louisville, David L. Armstrong, Atty. Gen., Frankfort, for appellee.

Before HOWARD, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

Rasdon appeals from a decision of the Jefferson Circuit Court affirming the revocation of his 12-month conditionally discharged jail sentence by the Jefferson District Court. He presents several allegations of error, most of which are troublesome but which, standing alone, do not constitute reversible error. One allegation, however, is that the court erroneously revoked his conditional discharge for a reason other than one contained in the notice of the hearing. We find that to be a violation of KRS 533.050, and we reverse the revocation.

In October 1981, Rasdon pled guilty to a charge of sexual misconduct and was sentenced to 12 months in jail. Rasdon was conditionally discharged for a period of two years. In July 1982, a woman charged Rasdon with first-degree sodomy and first-degree robbery. He was arrested in October 1982, and this proceeding was initiated to revoke his conditional discharge.

KRS 533.050(2) provides that a court may only revoke or modify a conditional discharge after a hearing with the defendant represented by counsel and "following a written notice of the grounds for revocation or modification." The notice of motion to revoke the conditional discharge advised Rasdon that the motion was "based upon your violation of the conditions of conditional discharge, especially;" and then it specified rearrest and probable cause on Case No. 82–F007685A. The Commonwealth argues that this notice was sufficient to advise Rasdon that his discharge could be revoked for violation of any condition which was specified in his conditional discharge. We disagree and must conclude that this particular notice applies only to a rearrest and probable cause to believe that he had committed a new crime. If other specific violations existed, they should have been stated in some manner to notify him of the charges he would be required to defend.

The Commonwealth called two police officers as witnesses. The first testified regarding the original offense, but the court stopped the testimony because of its irrelevance to the revocation proceeding. The Commonwealth asked the witness whether he knew any of the conditions of Rasdon's discharge. An objection was sustained with the court agreeing that, for the sake of accuracy, it would have to take note of the actual conditional release documents. This is as close as the record comes to containing the actual terms and conditions of the release for the benefit of our review.

The Commonwealth's second witness testified that he assisted the alleged victim in making her complaint for the issuance of a warrant. He further testified that, following Rasdon's arrest, a probable cause hearing was held in the district court, after which the case was referred to the grand jury, and an indictment was issued. The prosecuting witness did not testify at the probable cause hearing, the grand jury investigation, or the revocation proceeding. All of the officers' testimony was objected to on the ground that it was hearsay.

The court overruled the objection and also denied Rasdon's motion to dismiss the revocation proceedings. He was then required to present his defense. Three police officers testified that the prosecuting witness was a "street-wise Louisville prostitute." The purpose of this testimony was to attack her credibility. Rasdon testified and denied that he had done any of the acts for which he was charged. He was never asked on direct examination or cross-examination whether he had ever been with the prosecuting witness or whether he even knew her.

The trial court made no written findings of fact, but its oral comments were transcribed as part of the transcript of the hearing. The court concluded:

> The Court having heard the proof on the Motion to Revoke based upon the plea of guilty—12 months suspended—from the 1981 case—proof developed this morning that the victim, allegedly gave the vehicle identification and license number, picked out the Defendant from a photo pack, and one of the very conditions of the original release is "avoid persons or places of disreputable or harmful character." One thing that's been clearly proved beyond all preponderance of evidence is that the victim is a person of somewhat disreputable character and puts the Defendant in the position of having violated this Court's opinion of the terms of the conditional discharge, then the Court, therefore, revokes the probation sentence of 12 months to serve in the county jail.

Rasdon argues that the district court erred by revoking his conditional discharge on the basis of hearsay testimony and that the evidence was nevertheless insufficient to support a revocation. He also contends that the court erred by failing to grant his motion to drop the revocation proceedings at the close of the Commonwealth's proof, and that the court erred by failing to make written findings of its reasons for revoking the discharge. Rasdon finally alleges that the court erred by revoking his discharge for the reason that he failed to avoid persons of disreputable character. Although each allegation of error is worthy of consideration, we conclude that the only basis for an outright reversal is the court's revocation based on the violation of associating with a disreputable character.

While the specific rules governing the conduct of revocation hearings have not been clearly formulated, such hearings must be conducted in accordance with minimum requirements of due process of law. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). *See also Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), *Marshall v. Commonwealth*, Ky.App., 638 S.W.2d 288 (1982), *Murphy v. Commonwealth*, Ky. App., 551 S.W.2d 838 (1977), and *Wells v. Webb*, Ky., 511 S.W.2d 214 (1974). Some hearsay testimony has been found to be constitutionally acceptable in various sentencing and post-sentencing proceedings involving comparable actions affecting one's liberty. *Wolff v. McDonald*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1934). Hearsay testimony by a probation and parole officer was also admissible in a revocation of probation proceeding. *Marshall, supra.* The court held in *Marshall* that the admission of hearsay evidence was not foreclosed in such informal-type hearings, especially when the reliability of the witnesses can be easily ascertained. We find no real problem in this case concerning any of the testimony actually offered by the police officers. However, all that was proven in chief was that a woman swore to a complaint on which an arrest warrant was issued, a probable cause hearing was conducted by the district court, the case was

referred to the grand jury, and the grand jury returned an indictment. Although the trial court obviously concluded that Rasdon had been in the company of the prosecuting witness, his basis for revoking the conditional discharge was not based on the commission of the alleged crimes against her.

As to the allegation of insufficient evidence, if a condition of discharge was to avoid association with disreputable people, we conclude that the evidence was sufficient to support a revocation. While Rasdon denied doing any of the acts complained of by the prosecuting witness, he never denied having been in her presence. For that matter, he never testified that he was in her presence, but with the admission of the other evidence, the court could clearly believe that he had been with her. Revocation proceedings do not require proof beyond a reasonable doubt but merely proof of an occurrence by a preponderance of the evidence. *Murphy, supra.*

In light of our decision to reverse this case because of a lack of adequate notice, the alleged error of failure to dismiss the revocation proceedings at the close of the Commonwealth's case is moot. It is odd, however, that the only proof presented by the Commonwealth was that a probable cause hearing had been held wherein the accused was held to the grand jury and that the grand jury had found enough evidence to issue an indictment. These facts might have been sufficient to revoke Rasdon's conditional discharge on the ground that probable cause existed to believe he had committed another crime. In the final analysis, however, the trial court made no such finding. If the evidence was completely unreliable and insufficient, the trial court should have granted the motion. After hearing the defense challenge the character of the prosecuting witness, the court merely concluded that this person was of disreputable character and that Rasdon had violated his conditional discharge by associating with her.

Rasdon next argues that the revocation should be reversed because the court failed to make written findings. Findings are a prerequisite to any unfavorable deci-

sion and are a minimal requirement of due process of law. *Gagnon, supra.* Although this issue is also moot, it is one of questionable merit, because the court's findings were transcribed and included as a part of the transcript of hearing. Furthermore, it is the type of error which could be corrected by a remand rather than a total reversal and vacation of the court's decision.

The issue which is most troublesome concerns the lack of adequate notice. A written notice of the grounds for the proposed revocation is an absolute essential for this type of proceeding. KRS 533.050(2). *See also, Gagnon, supra.* Even if we accept the fact that the avoidance of disreputable characters was one of the conditions for Rasdon's conditional discharge, we can only conclude that he was not given notice that this would be one of the grounds for violation and revocation. He was forced into a challenge of the credibility of the absent witness which proved her to be a disreputable character.

With the lack of adequate notice and the totality of all the problems associated with this proceeding, we conclude that Rasdon was denied due process of law. We reverse the decision of the circuit court and remand the case and order that it be returned to the district court to set aside the revocation.

All concur.

### ORDER

The parties have entered into a settlement agreement and have jointly moved the Court to dismiss the appeal at a time when the Court has prepared its opinion. The Court has reviewed the settlement agreement and finds that it reaches the same result as this Court orders in its opinion. It is the decision of this Court that the motion to dismiss be DENIED and that the opinion be rendered and ordered to be published.