Cameron HUNT, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2009–SC–000312–DG.

Supreme Court of Kentucky.

Aug. 26, 2010.

Samuel N. Potter, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

William Robert Long, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

Appellant Cameron Hunt petitioned this Court for discretionary review of an opinion by the Court of Appeals affirming the revocation of his probation by the Hickman Circuit Court. We granted discretionary review to clarify the due process requirements for a probation revocation hearing.

In December 2006, Hunt filed a motion to enter a guilty plea to first-degree fleeing and evading and first-degree wanton endangerment (both Class D felonies), as well as a number of misdemeanor charges. The Commonwealth recommended a total sentence of three years' imprisonment. At final sentencing, the circuit court offered Hunt probation on condition that he accept a sentence of ten years' imprisonment (five years for each felony charge to run consecutively). Hunt agreed, and the court probated his sentence for five years. The court placed a number of conditions on Hunt as part of his probation, including completing a drug court program, complying with electronic monitoring, completing 200 hours of community service, earning his GED, completing the "scared straight" program, and paying fines and fees. Hunt absconded from supervision, and a warrant was issued for his arrest.

After Hunt was arrested on unrelated charges, the circuit court held a probation revocation hearing on September 20, 2007. The full hearing lasted approximately thirteen minutes. The court appointed a public defender to represent Hunt just prior to the beginning of the hearing, and Hunt's new attorney had just received his case file earlier that morning. No witnesses were sworn, and no testimony was taken. The judge simply asked a probation officer what Hunt had done to violate the terms of his probation. The probation officer, who was not under oath, proceeded

to list Hunt's violations. Hunt's probation officer was not present at the hearing.

■ In response to the probation officer's unsworn testimony, the trial court asked Hunt to respond. Hunt's attorney offered a general explanation, informing the court that there had apparently been some confusion about when Hunt was scheduled to report to his probation officer, and as a result, a warrant was issued for his arrest. Following additional explanation by Hunt's attorney in response to the various allegations, the circuit court concluded, "[T]he defendant having appeared in open court with his attorney ... to show cause why he shouldn't be revoked, the court having heard evidence finds the defendant violated the terms and conditions of probation." The circuit court then revoked Hunt's probation.[1]

■ Probation revocation proceedings are not part of the original criminal prosecution, and are thus more informal and require less proof than a criminal trial. *See Gagnon v. Scarpelli,* 411 U.S. 778, 786–87, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). For example, the Kentucky Rules of Evidence do not apply. KRE 1101(d)(5). In addition, the standard for revocation of probation is proof, by a preponderance of the evidence, that a violation has occurred. *Rasdon v. Commonwealth,* 701 S.W.2d 716, 719 (Ky.App.1986) (citing *Murphy v. Commonwealth,* 551 S.W.2d 838 (Ky.App.1977)).

■ However, probation revocation is a sufficient deprivation of liberty for certain requirements of due process to apply. *Gagnon,* 411 U.S. at 782, 93 S.Ct. 1756. To that end, the United States Supreme Court has established the minimum due process requirements for probation and parole revocation, which include

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body ... and (f) a writ ten statement by the factfinder[ ] as to the evidence relied on and reasons for revoking (probation or) parole.

*Id.* at 786, 93 S.Ct. 1756 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).[2]

■ The hearing in this case clearly violated Hunt's due process rights. First, Hunt was denied the right to confront and cross-examine adverse witnesses. Implicit in the right to confront and cross-examine is an assumption that adverse witnesses will be under oath, and subject to formal cross-examination. In this case, no testimony was taken. Rather, a probation officer simply informed the court of Hunt's alleged violations. Hunt was then asked to respond to these allegations. Due process requires that alleged violations be established through sworn testimony, with

---

1. We note that, as of the time of oral argument, Hunt had been released on parole. However, we do not believe that this case is moot, as parole remains a sufficient restraint to confer jurisdiction. *See Gagnon,* 411 U.S. at 780, 93 S.Ct. 1756: The disposition of this case on remand could also affect Hunt's terms and conditions of release, as well as his official records.

2. This Court recently held that oral findings of fact and reasons for revocation, when a video recording of the oral statements is part of the record, are sufficient to satisfy due process under *Morrissey* and *Gagnon. Commonwealth v. Alleman,* 306 S.W.3d 484 (Ky. 2010).

the opportunity for cross-examination by the probationer.

In addition, the circuit court improperly shifted the burden of proof. Probation revocation requires proof by a preponderance of the evidence that a violation has occurred. *Rasdon,* 701 S.W.2d at 719. But in this case, the court stated that Hunt had appeared in court "to show cause why he shouldn't be revoked [.]" A "show cause" standard of proof turns a probation revocation hearing into an inquisition, where the probationer is asked to refute the allegations made by the Commonwealth. While the standard of proof is lower for probation revocation than for the original criminal proceeding, the Commonwealth is still required to prove its case.

Hunt also argues he was denied the right to counsel when a public defender was appointed at the time of the hearing, and she had only received Hunt's file that morning. The United States Supreme Court has declined to adopt a *per se* right to counsel in probation revocation hearings. *Gagnon,* 411 U.S. at 790, 93 S.Ct. 1756. However, probationers in Kentucky have a statutory right to counsel at a revocation hearing. KRS 533.050(2). In addition, due process requires that a probationer be given time to prepare and to obtain evidence. *Wells v. Webb,* 511 S.W.2d 214, 215 (Ky.1974) (citing *Gagnon,* 411 U.S. 778, 93 S.Ct. 1756). In this case, a short consultation with an attorney the morning of the revocation hearing was inadequate. In presenting Hunt's defense, his attorney candidly admitted that she had not investigated all of his claims. Hunt was not provided with adequate time to prepare a defense. Thus, Hunt's due process rights were violated.

The errors in this case are unpreserved, and Hunt requests review for palpable error under RCr 10.26. A palpable error is one resulting in "manifest injustice," i.e. a "probability of a different result *or error* so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth,* 207 S.W.3d 1, 3 (Ky.2006) (emphasis added). There is little argument that, had Hunt's revocation hearing complied with the requirements of due process, Hunt's probation likely would have still been revoked.

The Court of Appeals concluded that, because it could not glean from the record any viable defense Hunt could have presented, there was no probability of a different result, and hence no palpable error. While the record does not reveal any valid defense to revocation, this may have been the result of the serious due process errors in this case, particularly Hunt not having adequate time to prepare a defense. In addition, the circuit court's failure to comply with the minimum requirements of due process is exactly the type of error to which the "manifest injustice" standard of RCr 10.26 was meant to apply. We have no difficulty concluding that the error in this case was an "error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin,* 207 S.W.3d at 3.

For the foregoing reasons, the order of the Hickman Circuit Court is reversed, and this case is remanded for proceedings consistent with this opinion, if any.

All sitting. MINTON, C.J.; ABRAMSON, NOBLE, SCOTT, and VENTERS, JJ., concur. CUNNINGHAM, J. dissents by separate opinion.

CUNNINGHAM, J., dissenting:

I respectfully dissent and would dismiss the appeal as moot.

The majority correctly notes that this case is not moot because Appellant is on parole, which is a sufficient restraint for jurisdiction. However, the issue before us is moot as to the relief being afforded. The majority deems the revocation hearing deficient. However, Appellant has been paroled from the sentence the court imposed. Now he will be subject to a new revocation hearing. His previous probation could be properly revoked and he could be sent back to the penitentiary. Or Appellant could have his probation extended with more onerous conditions, including incarceration in the county jail for up to six months. Such a development would also create a clash of supervisory jurisdictions—the parole board and the court. It becomes a procedural quagmire. The only solution is to dismiss the appeal as moot. If Appellant's parole is violated, then he can once again attack the validity of the revocation proceedings through either RCr 11.42 or CR 60.02.