RENDERED:  JUNE 20, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0985-MR

DENNIS MCCUBBINS                                                APPELLANT

v.         APPEAL FROM MEADE CIRCUIT COURT
           HONORABLE BRUCE T. BUTLER, JUDGE
           ACTION NO. 23-CR-00146

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND ECKERLE, JUDGES.

CETRULO, JUDGE:  Dennis McCubbins ("McCubbins") appeals an order of the

Meade Circuit Court that revoked his probation and required him to serve out his

remaining sentence of incarceration.

## BACKGROUND

McCubbins pled guilty to one count of first-degree possession of a

controlled substance (methamphetamine).  On March 22, 2024, the circuit court

entered a final judgment sentencing him to 18 months of incarceration, probated

for three years. Less than two months later, on May 16, 2024, the Commonwealth moved to revoke McCubbins's probation based on felony charges he received in Jefferson County.

According to a violation of supervision report quoting the Jefferson County citation, McCubbins was arrested on May 5 after he hit and injured a child with his vehicle, fled the scene, and was later apprehended and found to be in possession of a glass methamphetamine pipe. The circuit court held a probation revocation hearing on July 11, 2024. At the hearing, a probation officer testified and recited the contents of the violation of supervision report. McCubbins argued that the new charges were irrelevant because they had not been proven and he had not yet been convicted. The circuit court disagreed and orally found that McCubbins violated his probation order, could not be supervised properly in the community, and was a danger to himself and others. Subsequently, the circuit court revoked McCubbins's probation. That same day, the circuit court entered a corresponding order. McCubbins appealed to this Court.

**STANDARD OF REVIEW**

"A decision to revoke probation is reviewed for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009)). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the

trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

McCubbins concedes that he did not preserve any of his arguments and requests that we review for palpable error in accordance with Kentucky Rule of Criminal Procedure ("RCr") 10.26. "A palpable error is one . . . that 'affects the substantial rights of a party' and will result in 'manifest injustice' if not considered by the court[.]" *Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836 (Ky. 2003) (quoting RCr 10.26). Palpable errors are "easily perceptible, plain, obvious and readily noticeable." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (internal quotation marks and citation omitted). "When an appellate court engages in a palpable error review, its focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Martin v. Commonwealth*, 207 S.W.3d 1, 5 (Ky. 2006).

## ANALYSIS

McCubbins argues the circuit court applied an improper standard of proof, that new charges alone were not sufficient to revoke his probation, and the circuit court improperly allowed hearsay testimony. We disagree.

First, to revoke probation "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms

of his release and the statutory criteria for revocation has been met." *Walker v. Commonwealth*, 588 S.W.3d 453, 457 (Ky. App. 2019) (quoting *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015)). The statutory criteria include findings by the court that the defendant: 1) is a significant risk to prior victims or the community at large, and 2) cannot be appropriately managed in the community. Kentucky Revised Statute ("KRS") 439.3106(1)(a); *see also Kendrick v. Commonwealth*, 664 S.W.3d 731, 734 (Ky. App. 2023).

McCubbins's argument that the circuit court used the wrong standard of proof has no merit. McCubbins argues that because the Commonwealth's motion to revoke probation requested the circuit court "require [McCubbins] to show cause why his probation should not be revoked[,]" and the circuit court stated that this matter came before it on the Commonwealth's motion, his case is similar to *Hunt v. Commonwealth*, 326 S.W.3d 437 (Ky. 2010).

In *Hunt*, the circuit court erred when it utilized the show cause standard of proof rather than the preponderance of evidence standard in a probation revocation matter. *Id.* at 440. Here, regardless of the Commonwealth's request, the *court's* oral statements and order revoking probation met the statutory criteria and proper burden of proof. The circuit court specifically found "by a preponderance of the evidence" that McCubbins was in violation of the terms and conditions of his probation, was a significant risk to prior victims or the

-4-

community at large, and could not be appropriately managed in the community.[1]
*See* KRS 439.3106(1)(a); *see also Kendrick*, 664 S.W.3d at 734. Therefore, this case is not like *Hunt*, *supra*, and the circuit court did not employ the incorrect standard of proof. As such, the court met its standard of proof and the statutory criteria.

Second, "new charges may form the basis for revocation proceedings, [and] a conviction on those charges is not necessary in order to revoke probation." *Barker v. Commonwealth*, 379 S.W.3d 116, 123 (Ky. 2012). While not yet convicted of his new charges, it was not improper for those new charges to "form the basis" for his revocation proceedings. *See id*. Here, the revocation order found that McCubbins was in violation of the terms of his probation by incurring a new felony arrest and being in possession of drug paraphernalia less than two months after being granted probation. We note, "probation revocation hearings are not criminal proceedings but flexible hearings that accept matters into evidence otherwise inadmissible in a criminal prosecution." *Id.* at 129.

Lastly, "hearsay evidence is acceptable at probation revocation hearings[.]" *Id.* at 129-30; *Marshall v. Commonwealth*, 638 S.W.2d 288, 289 (Ky. App. 1982). As such, it was not improper for the probation officer to recite the

---

[1] McCubbins does not claim the circuit court failed to make these findings, and the record clearly shows the circuit court made these findings orally and in its order.

contents of the violation of supervision report that quoted the Jefferson County citation, even though the probation officer was not present at the time of McCubbins's arrest. *See Barker*, 379 S.W.3d at 129-30. Because hearsay evidence is acceptable at probation revocation hearings, the circuit court did not err when it revoked McCubbins's probation based on testimony of the probation officer. *See id*.

Therefore, the circuit court did not commit any error, much less a palpable error, when it revoked McCubbins's probation.

## CONCLUSION

Accordingly, we AFFIRM the order of the Meade Circuit Court revoking McCubbins's probation.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky