NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0581n.06

No. 13-6567

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 31, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| AARON THOMAS SHAKIR, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GIBBONS, SUTTON, and WHITE, Circuit Judges.

PER CURIAM. Aaron Thomas Shakir appeals the revocation of his supervised release, asserting that the evidence on which the district court relied was insufficient. For the reasons set forth below, we affirm the district court's judgment.

In 2010, Shakir pleaded guilty to two counts of distributing cocaine base. The district court sentenced him to time served, to be followed by three years of supervised release. (J., RE 431, Page ID # 955-57.) In 2012, the district court revoked Shakir's supervised release and sentenced him to one year in prison, to be followed by one year of supervised release. (J., RE 532, Page ID # 1311-13.) Shakir began serving his second term of supervised release on April 10, 2013. (Supervised Release Violation Packet, RE 693, Page ID 2009.)

Approximately seven months later, Shakir's probation officer petitioned the district court for an arrest warrant, alleging that Shakir had committed three supervised-release violations, the most serious of which was a Grade A violation based on Shakir's November 1, 2013, arrest for

heroin trafficking. (*Id.*, Page ID # 2005.) With regard to this violation, Shakir's probation officer testified at the revocation hearing that, according to an arrest warrant containing the complaint of Bourbon County, Kentucky police officer Robert Puckett, Shakir sold .46 grams of heroin to a cooperating witness for $200 in a transaction that took place on the front porch of Shakir's home. The heroin was tested at the Kentucky State Police Laboratory and was confirmed to be heroin. The drug transaction was audio and video recorded. (Revocation Tr., RE 705, Page ID # 5.) Officer Puckett did not sign the complaint, but the arrest warrant was electronically signed by Bourbon County District Court Judge M. Phelps. A uniform citation attached to the warrant showed that the warrant was executed. The warrant, complaint, and citation were admitted in evidence at the revocation hearing. The probation officer acknowledged on cross-examination that she did not speak with the arresting officer or personally review the audio and video recordings. (*Id.*, Page ID # 2052-53.) Shakir did not testify or otherwise present evidence.

Shakir did not contest the first two violations, which were based on a positive drug test, but argued that the government had failed to prove the Grade A violation by a preponderance of the evidence, because the probation officer did not conduct an independent investigation or otherwise corroborate the information in the arrest warrant. (*Id.*, Page ID # 2055-56.) The district court concluded that the probation officer's testimony established by a preponderance of the evidence that Shakir sold heroin, found him guilty of violating the conditions of his supervised release, and sentenced him to fifteen months in prison, with no additional supervision to follow. (*Id.*, Page ID # 2056, 2061.)

On appeal, Shakir argues that there was insufficient evidence to support the district court's finding that he committed a Grade A supervised release violation by selling heroin. He does not challenge the other findings of guilt or the reasonableness of his sentence.

We review a district court's decision to revoke supervised release for an abuse of discretion. *United States v. Kontrol*, 554 F.3d 1089, 1091 (6th Cir. 2009). A violation of a supervised release condition must be proven by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3); *United States v. Boothe*, 335 F.3d 522, 527 (6th Cir. 2003). "The preponderance standard requires a lesser quantum of proof and enables the trier of fact to make a determination of guilt that it could not make if the standard were that at trial, i.e., guilt beyond a reasonable doubt." *United States v. Thompson*, 314 F. App'x 797, 799 (6th Cir. 2008). Because revocation proceedings "are more flexible than a criminal trial," the district court may consider all relevant evidence, including hearsay, "if it is proven to be reliable." *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991).

Shakir argues that the evidence presented at the revocation hearing was insufficient because the probation officer's testimony was based solely on the arrest warrant rather than any independent investigation of Shakir's alleged criminal conduct. But there is no "independent investigation requirement for supervised release revocation cases," and "a witness need not have firsthand knowledge of the underlying facts in order to testify competently at a revocation hearing." *Thompson*, 314 F. App'x at 800. The arrest warrant on which the probation officer based her testimony was introduced into evidence and contained a detailed account of the underlying events, including the date, time, and place at which the heroin sale occurred. (RE 693, Page ID # 2006.) This evidence, which Shakir did not dispute, was sufficient to support the district court's finding of guilt. *See United States v. Shipman*, 215 F.3d 1328 (6th Cir. 2000)

(unpublished) (finding "no clear error in the finding of the district court on [the] violation of supervised release" based on "a police report and testimony from a probation department representative"). The case on which Shakir relies, *Taylor v. U.S. Parole Comm'n*, 734 F.2d 1152 (6th Cir. 1984), is distinguishable. There, the parole commission relied solely on a probation officer's letter summarizing an arrest report to find, over the defendant's denial of any wrongdoing, that the defendant had committed forgery and theft offenses while on parole. 734 F.2d at 1154-56. This court, citing the absence of any sworn testimony or a copy of "the arrest report itself," held that the parole commission abused its discretion by basing its finding of new criminal conduct on the probation officer's letter. *Id.* at 1156. Here, by contrast, the probation officer testified at the revocation hearing and the arrest warrant was provided to the court, constituting "reasonably reliable evidence" that Shakir engaged in criminal conduct. *Thompson*, 314 F. App'x at 799 (citation omitted). Moreover, the information included in the arrest warrant was sufficient to establish a felony offense. *Cf. Stephenson*, 928 F.2d at 732-33. Under these circumstances, Shakir has failed to demonstrate an abuse of discretion.

For these reasons, we affirm the district court's judgment.