Derek Lee SULLIVAN, Appellant

v.

COMMONWEALTH of Kentucky, Appellee

NO. 2014–CA–000087–MR

Court of Appeals of Kentucky.

RENDERED: MAY 1, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court December 10, 2015

BRIEFS FOR APPELLANT: Julia Pearson, Frankfort, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, David W. Barr, Assistant Attorney General, Frankfort, Kentucky

BEFORE: DIXON, JONES, AND VANMETER, JUDGES.

## OPINION

VANMETER, JUDGE:

Derek Sullivan appeals from the Boone Circuit Court's order revoking his probation and ordering him to serve his five-year sentence of imprisonment. On appeal, Sullivan alleges that he was deprived of due process at the revocation hearing because of hearsay testimony offered by a probation officer. Upon review of the record and applicable law, we affirm.

In 2012, Sullivan pleaded guilty to one count of third-degree rape and two counts of third-degree sodomy. The Boone Circuit Court followed the Commonwealth's recommendation and sentenced him to five years on each count, to run concurrent for a total of five years. The court then ordered Sullivan to serve 120 days in jail, followed by a five-year probation period subject to certain conditions, including that he not commit a new offense while on probation.

In October 2013, Sullivan's probation officer in Louisville, Timothy Haubry, filed an affidavit in Boone Circuit Court stating that he had reason to believe Sullivan had violated the terms of his probation by committing a new felony offense. Attached to Officer Haubry's affidavit was a violation of supervision report, which reflected that Sullivan had been arrested in Louisville and charged with felony first-degree criminal possession of a forged instrument. The violation report quoted the arrest narrative: On September 6, 2013, Sullivan "knowingly passed counterfeit federal reserve notes at Sports and Social Club, (5) federal reserve notes @ $10 denominations." The arresting officer was Gary Kistner, Jr.

Thereafter, the trial court conducted a probation revocation hearing, at which Cheryl Ritchie, a local probation officer, testified for the Commonwealth. Officer Ritchie stated that she was not Sullivan's probation officer, but she was familiar with the contents of the violation report filed by Officer Haubry, and with his affidavit. Officer Ritchie testified that based on her review of Officer Haubry's affidavit, the violation report, and Sullivan's case file, Sullivan had violated his probation by being arrested for a new offense—first-degree possession of a forged instrument. She stated that case was pending and confirmed that she had not spoken with Officer Haubry about Sullivan's case, and that the information she was conveying came from documents in Sullivan's file.

When Officer Ritchie began reading the arrest narrative from Officer Haubry's violation report, counsel for Sullivan objected, arguing that Officer Ritchie's testimony constituted double hearsay and was being offered against Sullivan in violation of his constitutional right to cross-examine witnesses; specifically, the author of the report and affidavit, Officer Haubry. The trial court overruled counsel's objection. Sullivan's counsel then cross-examined Officer Ritchie.

Following the revocation hearing, the trial court determined that Sullivan had violated the terms of his probation by committing a new offense and revoked his

probation. *See Barker v. Commonwealth,* 379 S.W.3d 116, 122 (Ky.2012) (trial court is not required to postpone probation revocation hearing until after resolution of criminal charges that arise during the probationary period). Sullivan now appeals, asserting that he was denied his right to confront Officer Haubry, the trial court failed to find good cause for not allowing him to confront Officer Haubry, and his probation was improperly revoked on the basis of hearsay alone.

This court's standard for reviewing a trial court's decision to revoke a defendant's probation is to determine whether the trial court abused its discretion. *Commonwealth v. Lopez,* 292 S.W.3d 878, 881 (Ky.2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair or unsupported by sound legal principles." *Woodard v. Commonwealth,* 147 S.W.3d 63, 67 (Ky.2004) (quotations and citation omitted).

In this Commonwealth, "probation is a privilege rather than a right. One may retain his status as a probationer only as long as the trial court is satisfied that he has not violated the terms or conditions of the probation." *Barker,* 379 S.W.3d at 122 (internal quotations and citation omitted). The Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation. *Id.* at 123. A probation revocation proceeding is not a part of a criminal prosecution; the proceeding is less formal and requires less proof than a criminal trial. *Hunt v. Commonwealth,* 326 S.W.3d 437, 439 (Ky.2010). Further, the Kentucky Rules of Evidence do not apply in such proceedings and hearsay is admissible. *Id.*

A probationer in a probation revocation proceeding is not afforded the full panoply of rights typically enjoyed by a defendant in a criminal trial. *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973). But certain minimal requirements of due process still apply because of the potential deprivation of liberty. *Hunt,* 326 S.W.3d at 439, *Gagnon,* 411 U.S. at 782, 93 S.Ct. at 1759–60. The minimum due process required at such proceedings includes: (1) written notice of the alleged violations; (2) disclosure of the evidence against the probationer; (3) the opportunity to be heard; (4) the opportunity to confront and cross-examine witnesses (unless good cause is found to disallow confrontation); (5) a hearing conducted by a neutral or detached hearing body; and (6) receipt of a written statement as to the evidence relied on in revoking probation. *Gagnon,* 411 U.S. at 786, 93 S.Ct. at 1761–62; *Murphy v. Commonwealth,* 551 S.W.2d 838, 840 (Ky.App.1977).

In the case at bar, Sullivan was afforded the requisite due process. Sullivan argues that Officer Haubry should have been compelled to testify and could have driven from Louisville to Boone County without undue burden. However, despite the fact that Officer Haubry was "available," *i.e.,* located within the trial court's subpoena power, we are not persuaded that Sullivan was denied due process simply because Officer Ritchie testified rather than Officer Haubry. Reliable hearsay testimony is permissible at probation revocation proceedings and a finding of a witness's unavailability is not required. *Marshall v. Commonwealth,* 638 S.W.2d 288, 289 (Ky.App.1982); *see also U.S. v. Shipman,* 215 F.3d 1328, 2000 WL 687686, at *3 (6th Cir.2000) (the court's concern in a revocation proceeding is with reliable evidence of defendant's conduct, not with the hearsay nature of the evi-

dence presented). Indeed, "there is no absolute right to confront witnesses [at a revocation hearing], especially when the reliability of the witnesses ... can be easily ascertained." *Marshall*, 638 S.W.2d at 289.

Furthermore, "there is no 'independent investigation requirement for supervised release revocation cases' " on the part of probation officers and " 'a witness need not have firsthand knowledge of the underlying facts in order to testify competently at a revocation hearing.' " *U.S. v. Shakir*, 574 Fed.Appx. 712, 714 (6th Cir. 2014) (quoting *U.S. v. Thompson*, 314 Fed. Appx. 797, 800 (6th Cir.2008)). "Rather, the thoroughness of the testifying witness's own investigation or the extent of his personal knowledge are simply factors to be weighed by the [trial] judge." *Thompson*, 314 Fed.Appx. at 800.

Here, Officer Ritchie, a sworn witness, testified as to the claimed violations based upon Officer Haubry's sworn affidavit and the routine violation report.[1] The violation report upon which Officer Ritchie based her testimony contained a detailed account of the underlying events, including the date, time and place at which Sullivan was alleged to have passed counterfeit federal reserve notes. Officer Ritchie's testimony was within the scope of her employment as a trained probation officer and Sullivan has pointed to no evidence demonstrating that her testimony was in any way unreliable or not credible. And Sullivan was afforded the opportunity to cross-examine Officer Ritchie, which he did. Under these facts, we do not find support for

Sullivan's assertion that the allowance of Officer Ritchie's testimony violated his right to confront and cross-examine the witnesses against him. Officer Ritchie's testimony and the documentary evidence upon which she relied is credible evidence sufficient to support the trial court's finding that Sullivan had violated his probation by committing a new offense. Though Officer Haubry's live testimony may have been preferable, his absence does not render the revocation proceeding unconstitutional. *Shipman*, 215 F.3d 1328, at *4.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in determining that the Commonwealth made out a case by the preponderance of proof presented. The Boone Circuit Court's order revoking Sullivan's probation is affirmed.

ALL CONCUR.

---

1. *Townsend v. Commonwealth*, 2013 WL 645944 (Ky.App., Feb. 22, 2013) (2011–CA–001768–MR), cited by Sullivan, does not require a different result. The facts that differentiate *Townsend* from the present case are the lack of evidence concerning the reliability of the source of the report, *i.e.*, an anonymous caller to the police concerning the defendant's consumption of alcohol and a disturbance at the defendant's residence. The police investigated, but made no arrests. Further, although the defendant's probation officer testified he spoke to a woman who lived with the defendant and who confirmed the violation at issue, the record contained no information concerning the woman's credentials, or other qualities that would render her report reliable.