RENDERED:  DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0002-MR

BRANDON HART                                                                    APPELLANT

v.
APPEAL FROM LETCHER CIRCUIT COURT
HONORABLE JAMES W. CRAFT, II, JUDGE
ACTION NO. 19-CR-00466

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND JONES, JUDGES.

CETRULO, JUDGE:  The Letcher Circuit Court revoked Appellant Brandon

Hart's probation for failing to successfully complete a drug court program.  We

find the revocation was not an abuse of discretion because (1) there was sufficient

evidence to support finding that Hart had violated the terms of his probation, and

(2) Hart was afforded all rights to which he was entitled.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In a judgment entered in July 2020, Appellant Hart pled guilty to possession of a controlled substance, terroristic threatening, retaliating against a participant in the legal process, and additional misdemeanor charges. As a result of a plea agreement, Hart's five-year prison sentence was probated for five years subject to various conditions, including successful completion of the Letcher County Drug Court Program.

As part of his drug court enrollment, Hart signed an Agreement of Participation ("Agreement"). This Agreement stated, in pertinent part, that sanctions for rule violations could include jail time or program termination; and sanctions "will be imposed immediately without a formal, adversarial hearing[.]" The Agreement also waived his rights to compel the attendance of witnesses, to produce evidence, and to confront and cross-examine witnesses.

Hart failed two drug tests in June 2020; as a sanction for these violations, Hart entered a 30-day rehab. He successfully completed the rehab and passed all drug tests during that rehab.

Hart then failed an August 7, 2020 drug test. Following this positive drug screen, Hart was formally terminated from the Letcher County Drug Court Program effective September 1, 2020. Thereafter, the Commonwealth moved to revoke Hart's probation. As grounds for its motion, the Commonwealth asserted

that Hart's probation terms required Hart to successfully complete drug court, and his termination from the program made it impossible for Hart to comply.

At his probation revocation hearing, Hart attempted to introduce two clean drug screenings taken August 6 and August 7, which were collected and tested by his family physician (discussed in more detail below), but the circuit court refused to admit the screens. After Hart's drug court termination, the Commonwealth filed a motion to revoke Hart's probation. A probation revocation hearing was held in October 2020. At that hearing the Commonwealth presented only one witness, Robert Kinzer ("Kinzer"), the supervisor of the drug court program. Hart was represented by counsel but presented no witnesses. The Letcher Circuit Court revoked Hart's probation in a December 2020 order.

## ANALYSIS

On appeal of a probation revocation, the standard of review is whether the trial court abused its discretion. *Blankenship v. Commonwealth*, 494 S.W.3d 506, 508 (Ky. App. 2015) (citing *Lucas v. Commonwealth*, 258 S.W.3d 806, 807 (Ky. App. 2008)).

> To amount to an abuse of discretion, the trial court's decision must be arbitrary, unreasonable, unfair, or unsupported by sound legal principles. And an appellate court will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law.

*Id*. at 508 (internal quotation marks and citation omitted).

Additionally, we must review for palpable error to determine if a minimum level of due process was met. *Sullivan v. Commonwealth*, 476 S.W.3d 260, 263 (Ky. App. 2015). *See also Miller v. Commonwealth*, 329 S.W.3d 358, 359-60 (Ky. App. 2010) and Kentucky Revised Statute 533.050(2). (Palpable errors are those substantial errors which affect the substantial rights of a party, and may be considered by the court even though insufficiently raised or preserved for review. Kentucky Rules of Criminal Procedure (RCr) 10.26.)

On appeal, Hart contends that the trial court violated his due process rights when it revoked his probation. In particular, he argues the trial court deprived him of his due process rights when it (1) prevented Hart from *meaningfully* presenting (this is clarified below) the clean drug test results from August 6 and 7; and (2) prevented Hart from adequately cross-examining Kinzer.

First, Hart argues he should have been permitted to *meaningfully* introduce the two clean drug tests to bolster his claim that the August 5 drug court test was a false positive. At the probation revocation hearing, the trial court initially denied admission of the clean screenings because the court found the Agreement waivers *did* apply to the probation revocation hearing. The trial court stated that Hart made a knowing and voluntary waiver (by signing the Agreement) of the right to contest the drug tests administered by the drug court. Hart argued

the Agreement waivers should be applied *only* to drug court proceedings (*i.e.*, drug court termination), and *not* to the probation revocation. Regardless, the clean drug tests were admitted at the end of the hearing. It is not clear from the record why the trial court allowed the admission of the clean screenings after first denying their admission, but nonetheless, the clean drug screenings *were* eventually admitted.

Second, Hart argues the trial court prevented him from adequately cross-examining Kinzer about (a) the cheek-swab process of the August 5 drug test, and (b) why Kinzer changed his recommendation from long-term drug rehabilitation to revocation. Hart wanted to cross-examine Kinzer about the validity of the cheek-swab test by first probing into his knowledge of those tests. But, the trial court sustained the Commonwealth's objection to the questioning due to Kinzer's "lack of expertise." Although Hart argued that the rules of evidence regarding expert testimony did not apply to probation revocation hearings, the court did not allow that line of questioning.

Also, during the probation revocation hearing, Hart questioned Kinzer about his change of recommendation. Initially, after the August 5 failed drug test, Kinzer had recommended a long-term drug rehabilitation facility. However, without further communication between Hart and the drug court (or Kinzer), Kinzer changed the recommendation to termination from the drug court program.

Hart wanted to ask questions as to why Kinzer changed his recommendation, but the Commonwealth objected, and the court sustained the objection.

Because we are reviewing for palpable error, it is not necessary to determine (1) if the Agreement was binding on the probation revocation, (2) if the clean drug tests should have been *meaningfully* admitted, or (3) if sustaining an objection on the expertise grounds should have been permissible during probation revocation proceedings. Probation revocation hearings require less proof than a criminal trial, *Gagnon v. Scarpelli*, 411 U.S. 778, 786-87, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973), but certain minimal requirements of due process still apply because of the potential deprivation of liberty. *Hunt v. Commonwealth*, 326 S.W.3d 437, 439 (Ky. 2010) (citing *Gagnon*, 411 U.S. at 782, 93 S. Ct. at 1760). The minimum due process required at such proceedings includes: (1) written notice of the alleged violations; (2) disclosure of the evidence against the probationer; (3) the opportunity to be heard; (4) the opportunity to confront and cross-examine witnesses (unless good cause is found to disallow confrontation); (5) a hearing conducted by a neutral or detached hearing body; and (6) receipt of a written statement as to the evidence relied on in revoking probation. *Sullivan*, 476 S.W.3d at 263 (citing *Gagnon*, 411 U.S. at 786, 93 S. Ct. at 1761-62).

Herein, Hart was fully informed of the charges against him, the reasons for his drug court termination, and the reasons the Commonwealth moved

to terminate his probation. Hart was represented by legal counsel at his probation revocation hearing. At the hearing, he had an opportunity to call witnesses (but chose not to), and to cross-examine the Commonwealth's witness. The Commonwealth only called one witness, Kinzer, and the Commonwealth questioned him for six minutes and 25 seconds. The Commonwealth objected twice during Hart's cross-examination of Kinzer (and the court sustained both), but Hart still questioned Kinzer for three minutes and 15 seconds. Hart ended questioning by his own choice. Even if we disagreed with the court's decision to sustain the Commonwealth's objections, those decisions would not rise to the level of palpable error. Hart was afforded all the requisite due process required by *Gagnon*.

At a probation revocation hearing, the Commonwealth only has to prove, by a preponderance of the evidence, that there was a probation violation. *Hunt*, 326 S.W.3d at 439. During Hart's time in drug court, he failed three drug tests. Hart argues one drug court test was a false positive, but even removing that contested test from consideration, that still leaves two uncontested failed drug tests. Under the terms of the Agreement, two failed drug tests are enough to warrant sanctions. Sanctions could result in termination from the specialty court "immediately" and "without a formal hearing." Termination from the drug court program is a violation of Hart's probation. Additionally, Kinzer testified that

"[t]here's multiple different violations that [Hart] has had in the program, that I have here, that contributes to overall *dishonesty* while in the program." (Hearing 10/21/20, 12:13:33). This dishonesty alone would have been sufficient to warrant sanctions and/or termination from the drug court program.

## CONCLUSION

We find the probation revocation was not arbitrary, unreasonable, unfair, or unsupported. The hearing met a minimum level of due process required for probation revocations. For the foregoing reasons, we AFFIRM.


ALL CONCUR.


BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Ryan D. Mosley                           Daniel Cameron
Prestonsburg, Kentucky                   Attorney General of Kentucky

                                         Christopher C. Bailey
                                         Frankfort, Kentucky