RENDERED: MAY 17, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0405-MR

BRENDYN HUNTER                                                          APPELLANT

v.
APPEAL FROM BOONE CIRCUIT COURT
HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 22-CR-00535

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, EASTON, AND TAYLOR, JUDGES.

COMBS, JUDGE: Appellant, Brendyn Hunter (Hunter), appeals from an Order of the Boone Circuit Court revoking his probation. After our review, we affirm.

On August 16, 2022, a Boone County Grand Jury charged Hunter with one count of first-degree unlawful transaction with a minor; one count of sexual misconduct; one count of custodial interference; one count of first-degree possession of a controlled substance, first offense; and one count of possession of drug paraphernalia. On November 9, 2022, Hunter entered a plea of guilty

pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to those charges.

On December 22, 2022, the trial court entered a Final Judgment and Sentence of Imprisonment and also entered an Order of Probation placing Hunter on probation for a period of five years. Among the conditions of his probation, Hunter was to have no contact with the victim.

On January 25, 2023, Probation and Parole Officer, Austin Hacker, filed an affidavit requesting that the Court revoke Hunter's probation as follows:

> On 12/14/2022 Hunter acknowledged that he received a copy of his probation order and signed that he understood the terms . . . [and that] he is to have no contact with the victim.
>
> On 01/19/2023, SSW [Social Worker] Scherer contacted Officer Hacker and informed him that Hunter had been contacting the victim in his felony case. SSW Scherer stated that Hunter had been contacting the victim through social media. Please see the attached printouts of messages provided by SSW Scherer.

The affidavit is accompanied by copies of the screenshots and a Violation of Supervision Report.

The trial court conducted a probation revocation hearing on March 2, 2023. Officer Hacker testified, and he explained that he received the screenshots from the social worker. The hearing was continued to March 16, 2023. Abigail Scherer, the social worker with the Cabinet for Health and Family Services who

-2-

was assigned to the victim, testified. Ms. Scherer was aware that Hunter was under a no-contact order. To Ms. Scherer's knowledge, Hunter had communicated with the victim after he was put under the no-contact order. According to Ms. Scherer, the victim related that Hunter had contacted her through social media and that she did not know what to do. The victim provided Ms. Scherer with screenshots of the messages, which she printed out and provided to Officer Hacker.

Hunter also testified. He was aware he was not to have any contact with the victim. He testified that he had lost access to his social media accounts when his phone was seized at the time of his arrest. Hunter denied that he recognized the messages and denied that it was his social media account.

At the close of the hearing, the trial court heard arguments of counsel and made a finding that Hunter did violate the terms of his probation by having contact with the victim. On March 21, 2023, the trial court entered its Order Revoking Probation and Sentence of Imprisonment as follows:

> The matter was before the Court on March 2 and March 16, 2023 for a Probation Revocation hearing. The Court heard testimony [from] Austin Hacker, Probation and Parole, Abigail Scherer, CHFS, and the Defendant. The Court found the Defendant was in violation of his probation for the following: (1) Having contact to the victim.
>
> The Court has given due consideration to community service as an alternative to a prison term, probation, probation with alternative sentencing plan and conditional discharge; however, the Court is of the

-3-

opinion that confinement is necessary for the protection of the public because:

A. There is a substantial risk that during a period of probation or conditional discharge, the Defendant will commit another crime;

B. The Defendant is in need of correctional treatment that can be provided most effectively by his commitment to a correctional and/or treatment institution.

C. The failure of the Defendant to comply with the conditions of supervision constitutes a significant risk to the community at large and the Defendant cannot be appropriately managed in the community;

D. Probation or conditional discharge would unduly depreciate the seriousness of the Defendant's crime [KRS[1] 533.010(2)];

E. Community service is not in the best interest of the Defendant and the public.

Hunter appeals. We review a decision to revoke probation under the standard of abuse of discretion. "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding 'that the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citations omitted).

KRS 439.3106 provides in relevant part that:

(1) Supervised individuals shall be subject to:

---

[1] Kentucky Revised Statutes.

-4-

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

*Andrews*, *supra*, elaborates upon this statute as follows:

> KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked.

*Andrews*, 284 S.W.3d at 780.

Hunter argues that the trial court abused its discretion when it revoked his probation. He acknowledges that hearsay is admissible in probation revocation hearings. However, he submits that the evidence in this case was insufficient because he testified in his own defense whereas Scherer merely recounted "the victim's alleged statements." We disagree.

"The Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation. . . . Further, the Kentucky Rules of Evidence do not apply in such proceedings and hearsay is admissible." *Sullivan v. Commonwealth*, 476 S.W.3d 260, 263 (Ky. App. 2015). Moreover, "a witness need not have firsthand knowledge of the underlying facts in order to testify competently at a revocation hearing. Rather, the thoroughness of the testifying witness's own investigation or the extent of his personal knowledge are simply factors to be weighed by the [trial] judge." *Id.* at 264 (citations omitted). "[J]udging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court." *Commonwealth v. Graham*, 586 S.W.3d 754, 769 (Ky. App. 2019) (citations omitted).

As was its prerogative, the trial court believed Ms. Scherer. Her testimony was sufficient to support the trial court's determination that Hunter had violated the terms of his probation by contacting the victim.

Next, Hunter contends that the trial court failed to consider other sanctions as required by KRS 439.3106(1)(b). We agree with the Commonwealth that the record ably refutes Hunter's claim. The trial court plainly stated in its revocation order that it gave "due consideration to community service as an alternative sanction." The trial court then proceeded to make the findings required by KRS 439.3106(1). "In sum, the application of KRS 439.3106(1) allows the trial

court to conclude with some certainty that the imposition of some other accountability measure would be fruitless, as the probationer both poses a risk and is not manageable in the community." *Andrews*, 448 S.W.3d at 779-80.

We find no abuse of discretion.

Accordingly, we affirm.


ALL CONCUR.



BRIEFS FOR APPELLANT:

Jared Travis Bewley
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky