RENDERED: MAY 15, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0492-MR

ANTONIO COATLEY                            APPELLANT


                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.                HONORABLE ANNIE O'CONNELL, JUDGE
                    ACTION NO. 23-CR-000204


COMMONWEALTH OF KENTUCKY                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KAREM, AND McNEILL, JUDGES.

COMBS, JUDGE: Appellant, Antonio Lamont Coatley, appeals from an Order of the Jefferson Circuit Court, Division Two, revoking his probation. After our review, we affirm.

On September 20, 2023, Coatley entered a plea of guilty to Count 1: Strangulation in the First Degree; Count 2: Fleeing or Evading Police in the Second Degree (Pedestrian) -- As Amended; Count 3: Assault in the Fourth Degree

(Domestic Violence); Count 4: Assault in the Fourth Degree (Domestic Violence); and Count 5: Violation of a Protective Order. On November 15, 2023, the trial court entered Judgment of Conviction and Sentence of Probation. The court sentenced Coatley to five (5) years on Count 1, Strangulation, and to twelve months on each of the remaining counts -- all counts to run concurrently for a total of five (5) years to serve, probated for five years.

On February 10, 2025, the Commonwealth filed the motion now before us to revoke Coatley's probation based upon allegations of a new felony arrest. The accompanying February 2, 2025, violation of probation report sets forth as follows:

> On 1/30/25 a warrant of arrest was issued in Jefferson County charging the offender with Strangulation 1st Degree (Domestic Violence Related) & Assault 4th Degree (Domestic) 3rd or Greater within 5 Years. . . . The narrative on the warrant reads:
>
> [D]efendant . . . was in a verbal argument with the victim (Hyacinth Henry) that turned physical when the deft placed his hands around the victim's neck and applied pressure, intentionally impeding the victim's breathing. The victim reported she was unable to breathe and felt as if she would pass out. The victim sustained bruising, swelling and scratches to her neck and scratches, swelling and redness to her left shoulder. Police were called, report LMPD 25006639 was filed and photos were taken of the victim's injuries. The deft has prior convictions of Assault 4 DV in the last five years. See cases 22F007123 and 23CR000204 (2 cts). The deft and victim have a child in common.

On March 4, 2025,[1] the circuit court conducted an evidentiary hearing. At the commencement of the proceeding, the court stated: "We're scheduled for a hearing on the Commonwealth's motion to revoke today based on allegations of a new felony arrest. The Commonwealth apparently has witnesses here." The court then asked, "Are we going to have a hearing?" The response from counsel was "yes," and the court stated, "Ok, first witness."

The Commonwealth called Officer Josh Thompson, who had investigated the case. After reviewing the body-cam footage of the responding officers, Officer Thompson charged Coatley with first-degree strangulation and fourth-degree assault (domestic violence). Officer Thompson described the basis for the charges. The victim and Coatley had had a verbal argument. Coatley wanted the victim to "shut-up" and started strangling her with both hands. The victim had multiple visible injuries. Photographs of the injuries taken on-scene -- by the officers on-scene -- were admitted into evidence **without objection**. The victim had bruising, redness, and small scratches on her neck. She also had bruising and redness on the left shoulder. In addition to reviewing the body-cam footage and photographs, Officer Thompson tried to contact the victim when he

---

[1] Later that same day, Coatley had a hearing on a motion to revoke his probation in another case, Jefferson Circuit Court, Division Four, No. 13-CR-1845. The court also revoked Coatley's probation in that case. This Court affirmed that revocation in No. 2025-CA-0491-MR.

received the file; but her phone was shut off. A warrant was issued, and Coatley was picked up "roughly two weeks ago."

At the close of the hearing, defense counsel argued that the proof did not show by a preponderance of the evidence that Coatley committed a new offense. He also argued that Coatley's constitutional rights were implicated because he did not get the chance to confront witnesses. The Commonwealth responded that there was no confrontation issue because the rules of evidence do not apply in revocation hearings and that the court can consider the weight to give the evidence. The Commonwealth noted that "this victim is the same victim in the underlying case that this defendant is on probation for."

The court stated that it appreciated defense counsel's argument, but that there were a couple of issues: notably, that defense counsel "did not object to having a hearing at all or ask for a continuance." Nor did defense counsel object to any of the evidence coming in. On March 11, 2025, the circuit court entered an Order revoking Coatley's probation and sentencing him to five-years' imprisonment as follows in relevant part:

> The Commonwealth presented the testimony of Officer Josh Thompson, LMPD, the detective who investigated the initial report from which the defendant's new charges arose. The Commonwealth also tendered photographs (collective Commonwealth's Hearing Exhibit #1) of the alleged victim's purported injuries. Having considered the evidence presented by the Commonwealth, the Court found that the Commonwealth

did *not* meet its burden of proving the strangulation charge by a preponderance of the evidence  However, the Court did find the Commonwealth met its burden of proving the defendant committed the crime of Assault in the 4th Degree.  Therefore the Court made findings on the record that the defendant is a danger to the community; he cannot be managed on probation; and there are no appropriate alternatives to incarceration.

(Italics original.)

Coatley has appealed.

We begin our analysis by citing *Sullivan v. Commonwealth*, 476 S.W.3d 260 (Ky. App. 2015), which ably sets forth the procedures underlying a probation revocation hearing:

This court's standard for reviewing a trial court's decision to revoke a defendant's probation is to determine whether the trial court abused its discretion. . . .

In this Commonwealth, "probation is a privilege rather than a right.  One may retain his status as a probationer only as long as the trial court is satisfied that he has not violated the terms or conditions of the probation." *Barker* [*v. Commonwealth*, 379 S.W.3d 116, 122 (Ky. 2012)] (internal quotations and citation omitted).  The Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation.  *Id.* at 123.  A probation revocation proceeding is not a part of a criminal prosecution; the proceeding is less formal and requires less proof than a criminal trial.  *Hunt v. Commonwealth*, 326 S.W.3d 437, 439 (Ky. 2010).  Further, the Kentucky

Rules of Evidence do not apply in such proceedings[2] and hearsay is admissible. *Id.*

A probationer in a probation revocation proceeding is not afforded the full panoply of rights typically enjoyed by a defendant in a criminal trial. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S. Ct. 1756, 1759, 36 L. Ed. 2d 656 (1973). But certain minimal requirements of due process still apply because of the potential deprivation of liberty. *Hunt*, 326 S.W.3d at 439, *Gagnon*, 411 U.S. at 782, 93 S. Ct. at 1759–60. The minimum due process required at such proceedings includes: (1) written notice of the alleged violations; (2) disclosure of the evidence against the probationer; (3) the opportunity to be heard; (4) the opportunity to confront and cross-examine witnesses (unless good cause is found to disallow confrontation); (5) a hearing conducted by a neutral or detached hearing body; and (6) receipt of a written statement as to the evidence relied on in revoking probation. *Gagnon*, 411 U.S. at 786, 93 S. Ct. at 1761–62; *Murphy v. Commonwealth*, 551 S.W.2d 838, 840 (Ky. App. 1977).

**Reliable hearsay testimony is permissible at probation revocation proceedings and a finding of a witness's unavailability is not required. *Marshall v. Commonwealth*, 638 S.W.2d 288, 289 (Ky. App. 1982); *see also U.S. v. Shipman*, 215 F.3d 1328, 2000 WL 687686, at \*3 (6th Cir. 2000) (the court's concern in a revocation proceeding is with reliable evidence of defendant's conduct, not with the hearsay nature of the evidence presented). Indeed, "there is no absolute right to confront witnesses [at a revocation hearing], especially when the reliability of the witnesses . . . can be easily ascertained." *Marshall*, 638 S.W.2d at 289.**

---

[2] Kentucky Rule of Evidence (KRE) 1101(d)(5).

> Furthermore, "there is no 'independent investigation requirement for supervised release revocation cases'" on the part of probation officers and **"'a witness need not have firsthand knowledge of the underlying facts in order to testify competently at a revocation hearing.'"** ***U.S. v. Shakir*, 574 Fed. App'x 712, 714 (6th Cir. 2014) (quoting *U.S. v. Thompson*, 314 Fed. App'x 797, 800 (6th Cir. 2008)). "Rather, the thoroughness of the testifying witness's own investigation or the extent of his personal knowledge are simply factors to be weighed by the [trial] judge." *Thompson*, 314 Fed. App'x at 800**.

*Id*. at 263–64 (square brackets original, bold-face emphasis added).

Coatley's first argument is that the trial court denied "his due process and confrontation rights by allowing multiple layers of unreliable hearsay to be the basis for revoking his probation." While his argument has several sub-parts, its main thrust is that "*Commonwealth v. Marshall*,[3] the seminal Kentucky case on confrontation rights at revocation hearings, is inapposite to the case at bar and does not control." Instead, Coatley contends that his case is more analogous to *Townsend v. Commonwealth*, No. 2011-CA-001768-MR, 2013 WL 645944 (Ky. App. Feb. 22, 2013). We disagree. *Townsend* is readily distinguishable on its facts.

We agree with the Commonwealth that this case is more analogous to *Sullivan*, *supra.* In *Sullivan*, Officer Ritchie, a local probation officer, testified at the revocation hearing. Although she was not the defendant's probation officer,

---

[3] 638 S.W.2d 288 (Ky. App. 1982).

she was familiar with the violation report and the affidavit prepared by Officer Haubry. Based upon her review of defendant's case file, Officer Ritchie testified that the defendant had violated his probation by being arrested for a new offense. Officer Ritchie confirmed that that case was pending and that she had *not* spoken with Officer Haubry about the case. 476 S.W.3d at 263. On appeal, Sullivan argued that: "he was denied his right to confront Officer Haubry, the trial court failed to find good cause for not allowing him to confront Officer Haubry, and his probation was improperly revoked on the basis of hearsay alone." *Id.* This Court disagreed and held that Sullivan was afforded the requisite due process:

> Officer Ritchie, a sworn witness, testified as to the claimed violations based upon Officer Haubry's sworn affidavit and the routine violation report. The violation report upon which Officer Ritchie based her testimony contained a detailed account of the underlying events . . . . Officer Ritchie's testimony was within the scope of her employment as a trained probation officer and Sullivan has pointed to no evidence demonstrating that her testimony was in any way unreliable or not credible. And Sullivan was afforded the opportunity to cross-examine Officer Ritchie, which he did. Under these facts, we do not find support for Sullivan's assertion that the allowance of Officer Ritchie's testimony violated his right to confront and cross-examine the witnesses against him.

*Id.* at 264.

In the case before us, Officer Thompson, the sworn investigating officer, testified about the information that he obtained from reviewing body-cam

footage and photographs of the victim's injuries -- all of which were admitted into evidence **without objection**. Coatley's counsel had the opportunity to cross-examine Officer Thompson, and he did so. There is no evidence demonstrating that Officer Thompson's testimony was unreliable or not credible. We conclude that Coatley was afforded the requisite due process under the facts of this case.

We have considered Coatley's remaining sub-arguments and find that they are redundant or that they otherwise lack merit.

Coatley's second argument is the trial court improperly shifted the burden to him. The basis for this argument appears to be the trial court's observation following closing argument that defense counsel had failed to object to any of the evidence. Nothing in the record before us suggests that the trial court impermissibly shifted any sort of burden to Coatley. The Commonwealth clearly met the only "burden" in this case: that of establishing Coatley's violation by a preponderance of the evidence. There was no error.

Coatley's third and final argument is that the trial court abused its discretion in not granting a continuance. However, Coatley did not request a continuance. Nor did he object to proceeding with the hearing. Any alleged error is waived. *Stepp v. Commonwealth*, 608 S.W.2d 371, 374 (Ky. 1980) (Where movant announced ready when called for trial, did not object to swearing of jury

and did not file affidavit pursuant to RCr[4] 9.04 showing need for continuance, alleged error waived). *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 38 (Ky. 2011) (waived errors not subject to appellate review).

We affirm the revocation of probation by the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kayley V. Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky

---

[4] Kentucky Rules of Criminal Procedure.