RENDERED: MAY 15, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0491-MR

ANTONIO COATLEY                                                      APPELLANT

|  | APPEAL FROM JEFFERSON CIRCUIT COURT |
| --- | --- |
| v. | HONORABLE JULIE KAELIN, JUDGE |
|  | ACTION NO. 13-CR-001845 |

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KAREM, AND McNEILL, JUDGES.

COMBS, JUDGE: Appellant, Antonio Coatley, appeals from an Order of the Jefferson Circuit Court, Division Four, revoking his probation. After our review, we affirm.

In 2013, Coatley was indicted on charges of first-degree robbery, first-degree burglary, and first-degree unlawful imprisonment. The Commonwealth offered him a plea agreement if he were to plead guilty to amended charges of

facilitation of first-degree robbery, facilitation of first-degree burglary, and fourth-degree assault -- recommending in exchange a total sentence of ten-years' incarceration with Coatley to pay approximately $1,300 in restitution to the victim. The Commonwealth also recommended that Coatley be placed on pre-trial diversion for five years. On February 4, 2014, Coatley accepted the offer and moved to enter a guilty plea. The trial court sentenced Coatley to five years of pre-trial diversion and required him to pay $1,365 in restitution in the amount of $26.25 per month, commencing May 1, 2014. (Trial Record (TR) 46–47.)

In November 2016, the Commonwealth filed a motion to void his pre-trial diversion because Coatley had incurred a new felony arrest. In January 2017, the Commonwealth filed the supplemental ground of absconding in support of its motion to revoke. In October 2017, the trial court removed Coatley from pre-trial diversion and placed him on probation. Over the next several years, the Commonwealth filed multiple motions to revoke, all of which were resolved short of revoking Coatley's probation.

On February 25, 2025, the Commonwealth filed the motion now before us to revoke probation based upon a new felony offense -- first-degree strangulation and fourth-degree assault (domestic violence). On March 4, 2025, the trial court conducted a revocation hearing at which Officer Josh Thompson testified.

Prior to the commencement of the hearing, defense counsel moved for a continuance, arguing that the case was very new and that defense counsel was still working with his investigator. Defense counsel also made a motion to remand under *Marshall v. Commonwealth*, 638 S.W.2d 288 (Ky. App. 1982), alleging issues with confrontation. Defense counsel explained that he had just come from a revocation hearing in Division Two[1] and that Officer Thompson, who testified there as well, had not taken the report from the victim but had only reviewed body-cam footage from the officers who took the report.

The Commonwealth responded that it wanted to move forward "today." The Commonwealth explained that this case had been before the court for an issue of failure to pay restitution and that Coatley then incurred a new offense. That the Commonwealth observed that it had complied with due process by giving notice of the new allegations by filing the (subject) supplemental motion to revoke and that, therefore, defense counsel had ample time to prepare.[2] Regarding proof, the Commonwealth stated that the court could give whatever

---

[1] Earlier that day, Coatley had a revocation hearing in another case, Jefferson Circuit Court, Division Two, No. 23-CR-0204, at which Officer Thompson also testified. The trial court entered an Order revoking Coatley's probation in that case, which this Court affirmed on appeal in No. 2025-CA-0492.

[2] On February 10, 2025, the Commonwealth filed the subject (supplemental) motion to revoke. The certificate of service reflects that it was filed electronically and/or emailed to counsel as of that date.

weight it deemed appropriate and that the rules of evidence would not apply in a revocation hearing.

The trial court denied the motion to continue and allowed Officer Thompson's testimony after confirming that he was the lead investigator on this case, observing: "So it's not like he's reading from a citation, he's investigated the case as a whole."

The Commonwealth called Officer Thompson, who had just "had this same exact hearing in Division Two." Officer Thompson explained his customary procedure after receiving a domestic violence case: he pulls up the case, has the reports printed out, reads the report, reviews the body-cam footage from the officers who were on the scene at the time of the incident, and prints the photos. He added: "I'm not on the scene, but I've taken a first-hand view of the scene."

Based upon his review in this case, Officer Thompson charged Coatley with first-degree strangulation and fourth-degree assault (domestic violence). Officer Thompson explained that on the afternoon of January 21, 2025, officers responded to a report of domestic violence. They met the victim, Hyacinth Henry, in the lobby of the In-Town Suites, an extended-stay hotel. The victim was visibly shaken. She told the responding officers that Coatley had come back to their room or apartment, that they had gotten into an argument, and that Coatley had strangled her multiple times. Officer Thompson obtained this information

from the body-cam of the lead officer.[3]  Eight or nine photographs were taken. The trial court initially sustained defense counsel's objection that Officer Thompson could not testify that the photographs were fair and accurate representations because he had not been on-scene.  However, after the Commonwealth asked several follow-up questions,[4] the court allowed admission of the photographs, duly noting that the rules of evidence do not apply.  Officer Thompson described the injuries shown on the photographs.  He testified that he had tried to contact the victim, but her phone was shut off and he could not leave a voicemail.

Following counsel's arguments, the court reviewed Coatley's history. The court believed it "very clear" that Coatley was not going to abide by the terms of probation, explaining that Coatley had had nine new criminal cases since the 2013 case -- seven of which were for domestic violence since 2021.  The court further explained that the only reason Coatley was still on probation on this case was restitution.  But the court emphasized that the restitution was not playing any part in its decision, which was solely based upon the proof being presented at this

---

[3] Officer Thompson testified that he usually just watches the lead officer's body-cam footage because the lead is usually the person who gets there first.

[4] Officer Thompson explained that he was able to see the victim on the body-cam footage -- what she was wearing, where she was -- and watched the officers photograph her.  Additionally, the photographs which Officer Thompson reviewed in his investigation were the photographs taken by the responding officer that day on the scene.

hearing.  The court found that Coatley "absolutely cannot be effectively managed in the community."  It believed that Coatley was a danger to the community and to the victim.  The court stated that "it was more likely to believe that this happened, because he's pled guilty to assaulting the same woman multiple times in the past. That absolutely is what I'm saying."  By written Order entered March 5, 2025, the court granted the Commonwealth's motion to revoke.

Coatley has appealed. His first argument is that the court denied "his due process and confrontation rights by allowing multiple layers of unreliable hearsay to be the basis for revoking his probation."

We begin our analysis by reference to *Sullivan v. Commonwealth*, 476 S.W.3d 260 (Ky. App. 2015), which ably sets forth the procedures underlying a probation revocation hearing:

> This court's standard for reviewing a trial court's decision to revoke a defendant's probation is to determine whether the trial court abused its discretion. . . .
>
> In this Commonwealth, "probation is a privilege rather than a right.  One may retain his status as a probationer only as long as the trial court is satisfied that he has not violated the terms or conditions of the probation." *Barker* [*v. Commonwealth*, 379 S.W.3d 116, 122 (Ky. 2012)] (internal quotations and citation omitted).  The Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation.  *Id.* at 123.  A probation revocation proceeding is not a part of a criminal prosecution; the proceeding is less formal and requires

less proof than a criminal trial. *Hunt v. Commonwealth*, 326 S.W.3d 437, 439 (Ky. 2010). Further, the Kentucky Rules of Evidence do not apply in such proceedings[5] and hearsay is admissible. *Id.*

A probationer in a probation revocation proceeding is not afforded the full panoply of rights typically enjoyed by a defendant in a criminal trial. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759, 36 L. Ed. 2d 656 (1973). But certain minimal requirements of due process still apply because of the potential deprivation of liberty. *Hunt*, 326 S.W.3d at 439, *Gagnon*, 411 U.S. at 782, 93 S. Ct. at 1759–60. The minimum due process required at such proceedings includes: (1) written notice of the alleged violations; (2) disclosure of the evidence against the probationer; (3) the opportunity to be heard; (4) the opportunity to confront and cross-examine witnesses (unless good cause is found to disallow confrontation); (5) a hearing conducted by a neutral or detached hearing body; and (6) receipt of a written statement as to the evidence relied on in revoking probation. *Gagnon*, 411 U.S. at 786, 93 S. Ct. at 1761–62; *Murphy v. Commonwealth*, 551 S.W.2d 838, 840 (Ky. App. 1977).

**Reliable hearsay testimony is permissible at probation revocation proceedings and a finding of a witness's unavailability is not required. *Marshall v. Commonwealth*, 638 S.W.2d 288, 289 (Ky. App. 1982); *see also U.S. v. Shipman,* 215 F.3d 1328, 2000 WL 687686, at \*3 (6th Cir. 2000) (the court's concern in a revocation proceeding is with reliable evidence of defendant's conduct, not with the hearsay nature of the evidence presented). Indeed, "there is no absolute right to confront witnesses [at a revocation hearing], especially when the reliability of the witnesses . . . can be easily ascertained." *Marshall*, 638 S.W.2d at 289.**

---

[5] Kentucky Rule of Evidence (KRE) 1101(d)(5).

Furthermore, "there is no 'independent investigation requirement for supervised release revocation cases'" on the part of probation officers and **"'a witness need not have firsthand knowledge of the underlying facts in order to testify competently at a revocation hearing.'"** *U.S. v. Shakir*, 574 Fed. App'x 712, 714 (6th Cir. 2014) (quoting *U.S. v. Thompson*, 314 Fed. App'x 797, 800 (6th Cir. 2008)). **"Rather, the thoroughness of the testifying witness's own investigation or the extent of his personal knowledge are simply factors to be weighed by the [trial] judge."** *Thompson*, **314 Fed. App'x at 800**.

*Id.* at 263–64 (square brackets original, bold-face emphasis added).

Coatley argues that *Marshall*, *supra*,[6] "the seminal case on confrontation rights at revocation hearings, is inapposite to the case at bar and does not control." Rather, Coatley submits that his case is more analogous to *Townsend v. Commonwealth*, No. 2011-CA-001768-MR, 2013 WL 645944 (Ky. App. Feb. 22, 2013). We cannot agree. *Townsend* is readily distinguishable on its facts.

We agree with the Commonwealth that this case is more analogous to *Sullivan*, *supra.* In *Sullivan*, Officer Ritchie, a local probation officer, testified at the revocation hearing. Although she was not the defendant's probation officer, she was familiar with the violation report and the affidavit prepared by Officer Haubry. Based upon her review of defendant's case file, Officer Ritchie testified that the defendant had violated his probation by being arrested for a new offense.

---

[6] 638 S.W.2d 288 (Ky. App. 1982).

Officer Ritchie confirmed that that case was pending and that she had *not* spoken with Officer Haubry about the case. 476 S.W.3d at 263. On appeal, Sullivan argued that "he was denied his right to confront Officer Haubry, the trial court failed to find good cause for not allowing him to confront Officer Haubry, and his probation was improperly revoked on the basis of hearsay alone." *Id.* This Court disagreed and held that Sullivan was afforded the requisite due process:

> Officer Ritchie, a sworn witness, testified as to the claimed violations based upon Officer Haubry's sworn affidavit and the routine violation report. The violation report upon which Officer Ritchie based her testimony contained a detailed account of the underlying events . . . . Officer Ritchie's testimony was within the scope of her employment as a trained probation officer and Sullivan has pointed to no evidence demonstrating that her testimony was in any way unreliable or not credible. And Sullivan was afforded the opportunity to cross-examine Officer Ritchie, which he did. Under these facts, we do not find support for Sullivan's assertion that the allowance of Officer Ritchie's testimony violated his right to confront and cross-examine the witnesses against him.

*Id.* at 264.

In the case before us, Officer Thompson, the sworn investigating officer, testified about the information that he obtained from reviewing the body-cam footage and photographs of the victim's injuries. Coatley's counsel had the opportunity to cross-examine Officer Thompson, and he did so. There is no evidence demonstrating that Officer Thompson's testimony was unreliable or not

-9-

credible. We conclude that Coatley was afforded the requisite due process under the facts of this case. We have considered Coatley's remaining sub-arguments and find them redundant or otherwise lacking in merit.

Coatley's second argument is that the court abused its discretion by denying his motion to continue.

> The decision to delay trial rests solely within the court's discretion. Whether a continuance is appropriate in a particular case depends upon the unique facts and circumstances of that case. Factors the trial court is to consider in exercising its discretion are: length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the court; whether the delay is purposeful or is caused by the accused; availability of other competent counsel; complexity of the case; and whether denying the continuance will lead to identifiable prejudice.

*Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991), *overruled on other grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001).

> Identifiable prejudice is especially important. Conclusory or speculative contentions that additional time might prove helpful are insufficient. The movant, rather, must be able to state with particularity how his or her case will suffer if the motion to postpone is denied.

*Bartley v. Commonwealth*, 400 S.W.3d 714, 733 (Ky. 2013).

Coatley's argument is unpersuasive. As the Commonwealth notes, "[p]robation revocation is not dependent upon a probationer's conviction of a

-10-

criminal offense." *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009). We find no abuse of discretion.

Coatley's third and final argument is that "[t]he court erred when it allowed the Commonwealth to conduct a mini trial as opposed to a probation revocation hearing." Coatley states that the issue is unpreserved and requests palpable error review. RCr[7] 10.26.

The gist of this argument appears to be that the court abused its discretion and unfairly used Coatley's criminal history against him. However, the very essence of a probation revocation is premised upon a defendant's criminal behavior. In the case before us, the trial court necessarily reviewed Coatley's criminal history in determining whether or not he was going to abide by the terms of probation. "While [the defendant's] criminal history could not be the sole basis for his revocation, it was appropriately considered when assessing the risk posed by his continued probation." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). We find no error.

We affirm the Jefferson County Court's revocation of Coatley's probation.

ALL CONCUR.

---

[7] Kentucky Rules of Criminal Procedure.

BRIEFS FOR APPELLANT:

Kayley V. Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky